# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE HICKS, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-16-2476 |
| v. | : |
| | : (Judge Caputo) |
| WARDEN, | : |
| Respondent | : |

# M E M O R A N D U M

## I. Introduction

Petitioner, Clarence Hicks, a federal prisoner currently incarcerated at FCI Elkton, in Lisbon, Ohio, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 7, 2016. (ECF No. 1, Pet.) He has also filed a motion to expedite. (ECF No. 6.) In his Petition, Mr. Hicks asserts members of his Unit Team abused their discretion under 18 U.S.C. § 3621(b) by limiting his placement in a Residential Reentry Center (RRC) to six months. For the following reasons, Mr. Hicks' habeas petition and his motion to expedite will be denied.

## II. Standard of Review

The habeas statute upon which Mr. Hicks relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*,

251 F.3d 480, 485 (3d Cir. 2001). A habeas petition filed pursuant to 28 U.S.C. § 2241 is the appropriate means for a federal inmate to challenge a BOP decision to limit or exclude their placement in an RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 - 44 (3d Cir. 2005).

### III.     Background

On May 10, 2016, pursuant to the Second Chance Act of 2007, Mr. Hicks' Unit Team considered him on an individual basis for RRC placement. (ECF No. 8-1, p. 15.)   The Unit Team used the five-factor criteria found in 18 U.S.C. § 3621(b) in reaching its decision. Following a review of Mr. Hicks' file and applicable policy, the Unit Team found that his placement in an RRC for 151 to 180 days was appropriate for successful reintegration into the community. (*Id*.)

The factors considered by the Unit Team follow. It was believed to be RRC bed space in Baltimore, Maryland. In accordance with the second factor, concerns regarding Mr. Hicks' offense conduct and public safety were weighed against the need for reentry services. With respect to the third factor, Mr. Hicks' criminal history was considered, which includes the possession of a deadly weapon (concealed), breaking and entering, and possession of a controlled dangerous substance. (*Id.*) Mr. Hicks' prison disciplinary history was also considered.   His disciplinary infractions included:   possession of a dangerous weapon, making a sexual proposal/threat, telephone abuse, and possessing a cell phone. (*Id*., pp. 10 – 14.) As to the fourth and fifth factors for consideration, there was no RRC placement

recommendation by the sentencing court and no policy statement issued by the U.S. Sentencing Commission pertinent to his case. (*Id*., p. 15.)

On May 23, 2016, the BOP completed an Institutional Referral for RRC placement form recommending 151 to 180 days in an RRC for Mr. Hicks.[1] (*Id*., pp. 17 – 18.) The BOP reasoned that:

> Inmate Hicks is in need of Residential Reentry Center (RRC) placement so that he may accrue release funds, secure a residence/employment, and re-establish family/community ties. Therefore, we are recommending 151 – 180 days RRC placement and the full range of community programs. Pursuant to the Second Chance Act, the Unit Team has determined the recommended placement of sufficient duration to provide the greatest likelihood of successful reintegration into the community. In addition, this recommendation is in accordance with the decision based on the Woodall vs. Federal Bureau of Prisons and the criteria set forth in Program Statement 7310.04.

(*Id*., p. 17.) This recommendation range allowed the Residential Reentry Manager (RRM) to match population needs with budgetary and RRC bed space resources near Baltimore, Maryland. (*Id*.) The RRM determined and assigned Mr. Hicks an RRC placement date of July 27, 2017, equivalent to 181 days in a RRC.

---

[1] In 2006, the BOP began referring to "Community Corrections Centers" or CCCs as "Residential Reentry Centers" or RRC.

**IV. Discussion**

The Second Chance Act of 2007 allows for a federal prisoner's pre-release placement in a halfway house up to 12 months and requires the Bureau of Prisons (BOP) to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Mr. Hicks argues that the BOP's decision to grant him 151 to 180 days in an RRC, rather than 12 months, does not accomplish that goal. He seeks the BOP to re-evaluate their placement decision based upon an individual basis contemplating the five factors enumerated in 18 U.S.C. § 3621(b).[2] He believes that the BOP's consideration of one of his

---

[2] Section § 3621(b) states as follows:

(b) Place of Imprisonment. – The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence --- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 …

misconducts, for sexual proposal towards a female staffer, is improper as he explained he "was vicariously using [his comments to the female staffer] to force a transfer" to another facility. (ECF Nos. 1 and 9.)

The Bureau of Prisons has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment. Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, inter alia, placing them in community confinement." *Woodall*, 432 F.3d at 239.

The Second Chance Act provides that the Director of the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community" and that '[t]he authority under [18 U.S.C. § 3624(c)] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c). Moreover, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (1) consistent with the five factors enumerated in 18 U.S.C. § 3621(b); (2) on an individualized basis; and (3) so that the duration of the

---

…Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

18 U.S.C. § 3621(b).

placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6). With that said, the decision to transfer a prisoner pursuant to § 3621(b) remains discretionary. The Second Chance Act does guarantee that every BOP inmate will be placed in a RRC or if placed, receive any specific length of time under § 3621(b) or § 3624(c). *Woodall,* 432 F.3d 244 – 51 (in exercising its discretion to make halfway house placement decisions, the BOP must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must.")

Mr. Hicks' claim that he has an absolute right to serve a portion of his sentence at a halfway house or home confinement is in error. *See Woodall*, 432 F.3d 244 – 51. Likewise, to the extent Mr. Hicks raises a substantive due process claim requesting 12 months placement in a RRC, it is well established that prisoners have no constitutional right to placement in any particular prison, custody classification or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); *Sheehan v. Beyer*, 51 F.3d 1170, 1174 (3d Cir. 1995).

Next, Mr. Hicks asserts a procedural due process claim. He argues that the Unit Team's determination that limited his RRC placement to 151 – 181 days was arbitrary and capricious. The Court's role in reviewing such a claim "is limited to whether the BOP abused its discretion." *Vasquez v. Strada,* 684 F.3d 431, 434 (3d Cir. 2012); *Wilson v. Strada*, 474 F. App'x 46, 48 (3d Cir. 2012).

The record in this case clearly establishes that Mr. Hicks' Unit Team gave him individualized consideration in determining his RRC placement. The record also reveals that his Unit Team used the five factors of 18 U.S.C. § 3621(b) to reach its decision. *See* ECF No. 8-1, p. 15. While Mr. Hicks argues the BOP considered an "old" prison disciplinary infraction he received for making a sexual proposal toward a female staffer in efforts to force his transfer to a different facility, he does not state that the misconduct was expunged or otherwise removed from his prison record. The Unit Team's inclusion of Mr. Hicks' institutional adjustment history, including all of his misconducts, was proper. To the extent Mr. Hicks disagrees with his Unit Team that he cannot successfully reintegrate into society based on the 151 to 180 days allotted at an RRC, the Court is unable to disturb the BOP's discretionary decision in this matter.

Based on the foregoing, this Court finds that the failure to give Mr. Hicks more than a 151 to 180 days RRC placement did not violate the Constitution, laws or treaties of the United States, and was not an abuse of discretion. This Court will dismiss the § 2241 Petition and deny the motion to expedite.

An appropriate order follows.

    /s/ **A. RICHARD CAPUTO**
    **A. RICHARD CAPUTO**
    **United States District Judge**

**DATE: SEPTEMBER 26, 2017**